16-628(L)
Aurelius Capital Master, Ltd., et al. v. Republic of Argentina

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of April, two thousand sixteen.

PRESENT:  PIERRE N. LEVAL,
CHRISTOPHER F. DRONEY,
*Circuit Judges*,
PAUL A. ENGELMAYER,[*]
*Judge*.

------------------------------------------------------------------------

AURELIUS CAPITAL MASTER, LTD., ACP MASTER, LTD., BLUE ANGEL CAPITAL I LLC, BANCA ARNER S.A., BRANTFORD, HOLDING S.A., AURELIUS OPPORTUNITIES FUND II, LLC, FFI FUND, LTD., FYI LTD., NML CAPITAL, LTD., OLIFANT FUND, LIMITED, RICARDO PONS, OFELIA NELIDA GARCIA, NW GLOBAL STRATEGY, VIRGILIO LUIS FOGLIA, MARIA CRISTINA ARGENT BARNA, RICARDO AURELIO TRIAY, ADELA NOEMI JURI, TORTUS CAPITAL MASTER FUND, LP, HECTOR PEREZ, MARLAND INTERNATIONAL S.A., LIS CARINA MEDINA, M. ALEJANDRA TERRA RISSO, WITKRON S.A., GOLSUN S.A., JUAN ALBERTO JOSE, JOSE LUIS QUATRINI, MARIO ALBERTO RUIZ, FARIGOLD TRADE S.A., CLAUDIO MARTINEZ, FRANCISCO DE GAMBOA, SILVIA ALCIRA MURILLO DE GEBERT, ENRIQUE ANTONIO JULIO GEBERT, LAYNEL CORPORATION, LIVIO MAZZOLA, BRADFORD PROMOTIONS S.A., HAMBURG CONSULTING INC., PIERINO GARRAFA, CARLOS JESUS SENDIN, EDUARDO GIBSON, FRANCISCO BASSO, FRANCA ANTONIONE, FLORENCIO

**Docket Nos.:** 16-628(L), 16-639(con), 16-640(con), 16-641(con), 16-642(con), 16-643(con), 16-644(con), 16-649(con), 16-650(con), 16-651(con), 16-653(con), 16-657(con), 16-658(con), 16-659(con), 16-660(con), 16-661(con), 16-664(con), 16-665(con), 16-666(con), 16-667(con), 16-668(con), 16-669(con), 16-671(con), 16-672(con), 16-673(con), 16-674(con), 16-677(con), 16-678(con), 16-681(con), 16-682(con), 16-683(con), 16-684(con), 16-685(con), 16-686(con), 16-687(con), 16-688(con), 16-689(con), 16-690(con), 16-691(con), 16-694(con), 16-695(con), 16-696(con), 16-697(con), 16-698(con)

------

[*] Judge Paul A. Engelmayer, of the Southern District of New York, sitting by designation.

PEREZ, JUAN CARLOS GRECO, RAMON ZUBIELQUI, EDUARDO ANDRES FRANCHESCHI, GELLXON CORP., ENRIQUE COHEN, MARIA ISABEL BERRAONDO, GRACIELA ZUBASTI, ADOLFO SANCHEZ BLANCO, RAFAEL ANTONIO SALAMANCA, KINBURG TRUST S.A., MAZZINI, JORGE MARCELO, GRACIELA ALEJANDRA, COMPANIA CALITECNO S.A., ZUM FELDE, HEINRICH PETER BARAVALLE, ANA VALERIA, ALEJANDRO PABLO BARAVALLE, EZEQUIEL HERNAN BACLINI, PATRICIA RUTH CARONNA, JOSE ALBERTO LANDI, SALVADOR SADDEMI, MARIA TERESA LEPONE, HERNAN TABOADA, SUSANA FRASCA DE LAURIA, NORBERTO PABLO GIUDICE, SUSANA LAURIA, GUILLERMO DOTTO, JORGE MANUEL TABOADA, MARIA DEL CARMEN ESCUDERO, ROSAS DE COHEN, ESTRELLA BETY, CORBINS TRADE S.A., LUIGI GIACOMAZZI, LUCIANA PEDROLLI, PATRIZIA GIACOMAZZI, MICHELE STAGNITTO, CLAUDIO MIGUEL MATHEOU, HUGO MASINI, VIVIANA NOEMI TUORON, GUILLERMO JORGE DOMATO, IMPERIAL BYLIDOL S.A., DARIO ALBERTO PARDAL, PAULA MASTRONARDI, HORACIO ALBERTO VAZQUEZ, LILIANA CEBROWSKI, DIEGO PEDRO PELUFFO, JUAN OMAR GIOVACHINI, LILIA ANGELICA PARISI, TRALOVE COMPANY S.A., MAURA MALETTI, GRACIELA ADRIANA GAMITO, ADRIAN CALEFFA, GUILLERMO ALMANZA, FELICITAS C. VON GROMANN, ROBERTO VIRGILIO SAURO, RITA LESO, RODOLFO ALBERTO GIL, VICENCIO, VIVIAN ORIANA VICENCIO SAAVEDRA, FELICITAS FLORENCIA FOX ANASAGASTI, FRANCISCO EDUARDO DE LA MERCED, ISABEL EVANGELINA BAVASSI, MAKAPYAN S.R.L., FRANCISCO JOSE MECHURA, GRACIELA DONNANTUONI, BERNARDO G. FERMAN, FRANCAISE COMPAGNIE, D'INVESTISSEMENTS S.A., MARIA SUSANA PAGANO, CARLOS ALBERTO LAGOS, JULIO HECTOR KRASUK, MAZORAL S.A., MIGUEL LIMOLI, LUCIO RAMON MUR, JESUS JORGE OTANI, ALEJANDRO ENRIQUE FERNANDEZ, GUIDO DEBIASI, ATTILIO DE ROSA, MANUEL G. GUILLEN, BEATRIZ M. CASTANO, MONICA HAYDEE GRACIOTTI, LISANDRO ROBERTO ARTURO MORA, ABEL VICENTE SANTANA, MARIA CLAUDIA MANGIALAVORI, HORACIO ALBERTO M. SANC CABALLERO, RICARDO SANCHEZ

CABALLERO, ELISA SANCHEZ CABALLERO, FIRST CITY S.A., JORGE JORACIO ROSINI, ALICIA ESTER SALVADOR, DOLLY ESTHER CUBASSO, SANTA SORRENTINO, RODOLFO BURUL, LYDIA HAYDEE GIGAGLIA, ANSGAR NEUENHOFER, DORA RAQUEL MALEC, CLAUDIO OSCAR MAZZA, ADRIANA BEATRIZ POVEDA, ALBERTO SILVIO BURSZTYN, ANDREA FABIANA FUCITO, CARLOS ALBERTO LAGOS, MARIA DEL LAS MERCEDE LAGOS, MAURIZIO GIOVE, GUILLERMO CARLOS F. CENTENO, CARLOS ALBERTO MURACA, PATRIZIA VALERI, ANDREA RONZON, SILVA FALOMO, VITTORIO GIANNATTASIO, MONICA GIANNATTASIO, MARCELO EDUARDO PRIMA, RICARDO SANCHEZ CABALLERO, ELISA SANCHEZ CABALLERO, SUSANA MOLINA GOWLAND, THEA PINA GORGONE, ALESSANDRA PADOAN, GLORIA PADOAN, PIERLUIGI PADOAN, THEA PINA GORGONE, LUIGI PADOAN, MASSIMILIANO MAZZANTI, MANUELA MAZZANTI, GIUSEPPINA FUSCHINI, MARTA GUERRINI, CORRADO GUERRINI, STEFANIA SIMONCINI, LUIGI PACIELLO, LERINERCO S.A., AURELIO PESENTI, ARNOLDO DOLECETTI, TELLADE NAVA, TOMMASINO VITIELLO, LUIGI VITIELLO, GABRIELLE DOLCETTI, GUISEPPE DOLCETTI, PABLO HUGO KALBERMANN, EVA SONDERMANN GELLER, PEDRO KALBERMANN, INTER PALMISANO S.A., DORA RAQUEL MALEC, ANDREA SUSANA BURSZTYN, ALBERTO SILVIO BURSZTYN, ALFREDO PACHECO, FRANCES BROWN, ADOLFO MIGUEL MUSCHIETTI, JOSE ANTONIO MUSCHIETTI, MARIA CRISTINA BUENANO, ADOLFO MIGUEL MUSCHIETTI, MARIA CRISTINA BUENANO, RODRIGO FELIPE MUSCHIETTO, MARIA CRISTINA MUSCHIETTI, ALEJANDRO FEDERICO MUSCHIETTI, NELSON DANTE LUCIANO, DANTE LUCIANO, MERCEDES FELIU, DAVID ADRIAN LUCIANO, OSCAR PAUL CLAVIJO, ANA MARIA AURORA OTERO, CARLOS ALBERTO BRUZZONE, PEDRO KALBERMANN, EVA SONDERMANN, COLOMBO MASI, MARIA ELENA PELAYO, LUIS PEDRO BIVORT, VALENTINA ETCHART, MARIA FAUSTA CILLI, FIORENZO FACCIONI, LEONARDO HILARIO SIMONE, CARLOS ARTURO JOSE ULLA, PATRICIA STORARI, DECIO CARLOS FRANCISC ULLA, OSCAR SECCO, MERCEDES CALVO, DELFIN A. RABINOVICH, DIEGO

PEDRO PELUFFO, ELVIRA DAGMAR BUZCAT, LEONIDAS RAUL BORDIGONI, ALEJANDRO FERNANDEZ BARBEITO, RAMON BARBEITO, LIDIA FERNANDEZ DE BARBEITO, MANUEL CALVO, MERCEDES CALVO, ALCIRA NOEMI ARDITI, CLAUDIO GABRIEL ARDITI, FERNANDO BARBEITO FERNANDEZ, SANDRO CONCETTINI, MARIA ASUNCION INMACU CASTELLI, JOSEFA AMBROSELLI, ROBERTO CARLOS PARADA, ROSA SARA POMPEYA LA DE PARADA, GUILLERMO PEDRO PARADA, MARIANO ROBERTO PARADA, ALICIA G. DE SONDERMANN, EVA SONDERMANN, SUSANA SONDERMANN, RICARDO SONDERMANN, PAULA ARMANDA AZCARATE, EDITH ELVIRA NICOLAS, FISEICO, - FINANCIAL SERVICES INTERNATIONAL CORPORATION, ENSENADA UNITED CORPORATION, LORENZO BIANCHI, GIORDANO ALLIEVI, GABRIELLA TOSCANO, AMBROGIO STUCCHI, GIUSEPPE STUCCHI, MARIA LUISA STUCCHI, MORENO LEGNARO, MARIO DAL TOE, DAVIDE CIALLELLA, BRAMANTE DAL TOE, LUCIA VETTORETTI, ALDO NAJ OLEARI, MARIA IDA MODENA, ADA DAL TROZZO, LUIS GARCIA TOBIO, ANTONIA MIRIAN MACIEL, KAZIMIERZ KORNAS, LUIGI GIACOMAZZI, LUCIANA PEDROLLI, AGOSTINO SCOCCHERA, MARCELO SPILLER, ROMINA MARIA BUSCAGLIA, NORA RAQUEL LOPEZ, GABRIEL MIGUEL, RAMON MIGUEL, MARCOS VANNI, ANA ANTONIA CABRERA, TERENCIANO DE JESUS CABRERA, CARLOS ALBERTO MARTINEZ, MONICA CRISTINA BARBERO, SIDNEY SUTTER, EDUARDO ARGENTIERI, CARLOS ADOLFO ESCATI, ARMANDO EDUARDO VALERIO, MIRTA ANTONIA PORTELA, ROQUE PEREZ VILLALBIA, GABRIEL FEDRICO LEIMGRUBER, FEDERICO HECTOR LEIMGRUBER, LAURA VICTORIA DEMIDOVICH, ALEJANDRO DEMIDOVICH, DIEGO WALTER CASTRILLI, DANIEL HORACIO ROLFO, ALICIA EVELIA GALIANI, SILVIA MABEL SACCONE, MARCELO RUBEN RIGUEIRO, ALFREDO ENRIQUE ZUCCHINI, NESTOR DE NICOLA, GRACIELA MARTA BERRETTI, PAULA DE NICOLA, SANTIAGO ROCCA, ANA MARIA SALDANA, ENRIQUE JORGE ROCCA, JOSEF SCHWALD, DENISE MARIE LAURETTE COLELLA, MICHELLE COLELLA, SUSANA LEONOR GATTI, MARTA BEATRIZ GATTI, LUIS ANGEL GATTI, GRISELDA TERESA DULEVICH, MARIA AGUSTINA

SAUCO, MARIA GRISELDA SAUCO, MARIA FLORENCIA SAUCO, OSVALDO LORENZO SAUCO, ANGELA BUSI, RAMON EDUARDO NEBHEN, ANA CECILIA ALBORNOZ, BRUNO ITALIA, RUBEN UBALDO DI MARCO, MARIA LUCRECIA QUIROGA, JORGE ALBERTO ATILIO NEGRI, NICOLAS CARLOS AMADOR FARINOLA, JORGE CORADO FARINOLA, RENATE ARNOLD, IRMA HAYDEE REDONDO DE NEGRI, MASSIMO BALDARI, LILLINA ROSSO, ALBERTO ANICETO GONZALEZ, DELIA ISABEL GONZALEZ, MARIANA GONZALEZ, ROBERTO FEDECOSTANTE, DINA DI TOMMASO, BRIGIDA ELVIRA DENIS, VILMA BURGIO, NAIBY ELIANA SORIA, MARIA MARTA DE LUCA, ALEXANDER STERN, NELIDA AMELIA GIUSTI DE BEHAR, INGEBORG STERN, SERGIO RODOLFO BERRI, STELLA MARIS BOFFELLI, MALCOLM GERALD BERRI, NELIDA ROSA PAOLINI, FRANCO MARIA CONTE, LINA LO VULLO, FRANCESCO MASSOLETTI, DIANA KLEIN, FERISMAR CORP. S.A., CARLOS A. RIAL COTO, MARIA C. UNGARO TORRADO, COUNTY BAY INVESTMENTS LTD., GHIBLI INVESTMENTS LTD., SILVIO EDUARDO SAUCO, MIGUEL KAUFMANN, EDGARDO A. RAMOS, RIVKA SCHMUSKOVITS DE SCHUSTER, NICOLAS SCHUSTER, FLAVIA MARINA SCHUSTER, BEATRIZ LEONOR DE RAMOS, JORG ZAHN, ELENA PASQUALI, PORTICO CAPITAL INC., HARTMUT PETERS, SABINE ZAHN, WOLFGANG BOLLAND, BLIWAY INTERNATIONAL S.A., RICARDO KAUFMANN, MIGUEL ANGEL BITTO, MARIA SILVIA CINQUEMANI, EUGENIO QUARTRINI, OLGA ALBA MARINI, SEBASTIAN QUATRINI, PEDRO MARCELO SEXE, SAMUEL OLDAK, ANNA OLDAK, DAVID OLDAK, URI OLDAK, TELINCOR S.A., SOCRATE PASQUALI, ANNA MARIA CARDUCCI, NORFOLK INVESTMENT TRADE CO. LTD., GAMETOWN CORPORATION, NORBERTO ANGEL GARCIA MADEO, ANA MARIA SAENZ, GRACIELA CANDIDA CORLEIS SAENZ, WEGE ZU MOZART VERANSTALTUNGSGESEKKSCHAFT M.B.H, BOIM S.A., STEFANO SPANICCIATI, NESTOR ALBERTO RUBIN, ANDREAS WILFRED SCHWALD, ANTONIO JUAN PAULETICH, FABIAN E. PAULETICH, FRANCO PERUZ, NORBERTO DARIO CASTELLA, STREET INVESTMENTS LIMITED, GUIDO SCANAVINO, LYDIA SCANAVINO, GIANCARLO GRASSI, HENDRIK BEYER,

EDGARDO GERARDO A. SCLAFANI, LUCIA RAFAELA TASSO, ALEXIA BRANDES, FERNANDO EXPOSITO, MARA CAVANA, MAURIZIO DALLA, RENATO PALLADINI, ANDREA VIGNALI, FINCOMPANY S.A., GLORIA GAGGIOLO, VALERIO CHIRIATTI, SIMONETTA BUCCIOLI, ATTILIO GAUDENZI, LORIS ZAVOLI, ELENA MARCACCINI, ILDEBRANDO MOTTI, TULLIA TURCHI, CARLO CIGOLINI, JUAN EDUARDO COLUMBO, ESTELA ISABEL DELGADO, CARLA NANNI, MAURIZIO PETRONI, ROBERTO AKMAN, LILIANA EDITH GENNI, ARNOLDO DOLCETTI, MARCELLA DOLCETTI, LUCA MULAZZANI, ROBERTO BAUTISTA FRANCO BACCANELLI, ALFREDO CARLOS ALZAGA, MIGUEL ALBERTO BALESTRINI, BIBIANA DELLA FLORA, MARIA ISABEL BALESTRINI, MARIANA NOEMI TAUSS, ALEJANDRO R. LUPPI, ATILIO LUIS POCOSGNICH, ALICIA BEATRIZ GRACIAN, CAROLINA POCOSGNICH, BEATRIZ MARTI RETA, HORACIO TOMAS LIENDO, LUCIANA CEREDI, LUCIANO MILANESI, ALESIA MILANESI, PENG ZEYING, WOON CHEUNG LEUNG, RAUL ALEJANDRO GONZA MARTIN, GUSTAVO CARLOS FERREIRA, JOSE EMILIO CARTANA, RAUL HORACIO MENDEZ, MARIA MERCEDES MENDEZ FERRO, ROBERTO CLAUDIO PITRONA ELLE, ALBERTO GUILLERMO HILLCOAT, ELENA GRACIELA MARTINEZ, ENRIQUE SEBASTIAN PALAC MINETTI, SEBASTIAN JORGE PALACIO, MARIA ESTHER FERRER, AJU S.A., CASIMIRO KORNAS, MICHAEL HEEB, LIDIA FLORINDA PIOLI, ANA LIDIA LEIVAS, JUAN DOMINGO BALESTRELLI, GUNTHER BRAUN, HWB RENTEN PORTFOLIO PLUS, HWB ALEXANDRA STRATEGIES PORTFOLIO, NW GLOBAL STRATEGY, VICTORIA STRATEGIES PORTFOLIO LTD., HWB VICTORIA STRATEGIES PORTFOLIO, HWB PORTFOLIO PLUS, CESARE DE JULIIS, MIRTA BEATRIZ MANDOLINO, EDUARDO HECTOR SORROCHE, SUSANA ALICIA COSTA, DIEGO MARCOS SORROCHE, VERONICA SORROCHE, CHRISTA ERB, RUDOLF ERB, SILVIA BEATRIZ OVEJERO, DAVID DE LAFUENTE, JOSE L. PELUSO, HWB ALEXANDRIA STRATEGIES PORTFOLIO, ZYLBERBERG FEIN LLC, U.V.A. VADUZ, KLAUS BOHRER, AMBER REED CORP., CONSULTORA KILSER S.A., MICHAEL SCHMIDT, MARIE LAURETTE DUSSAULT, BURGHARD PILTZ, OSCAR

REINALDO CARABAJAL, DORA LUISA SASAL, UTE KANTNER, SUSANA ALICIA MONKES, ALBERTO HABER, ALEJANDRO ALBERTO ETCHETO, CRISTA IRENE BRANDES, FRANCISCO MIGUEL MOLINARI, HELMUT HAGEMANN, HWB DACHFONDS-VENIVIDIVICI, HWB GOLD & SILBER PLUS, ROSA DELFINA CASTRO, GAMETOWN CORPORATION S.A., CRISTOPH HAGEMANN, DRAWRAH LIMITED, MICHELE COLELLA, DENISE DUSSAULT, ANYE SALINOVICH, DEBORA REINA COHEN, FEYSOL S.A., VANINA ANDREA EXPOSITO, BEATE NEUENHOFER, LERINERCO S.A., ANDREA DE NICOLA, INES DELIA EIDELMAN, DIEGO FABIAN TOPF, MODERN GROUP S.A., LUCABRAS S.A., CESAR CIVETTA, ALDO CIVETTA, AMANDA WIELIWIS, PABLO ALBERTO VARELA, LILA INES BURGUENO, MIRTA SUSANA DIEGUEZ, MARIA EVANGELINA CARBALLO, LEANDRO DANIEL POMILIO, SUSANA AQUERRETA, MARIA ELENA CORRAL, TERESA MUNOZ DE CORRAL, NORMA ELSA LAVORATO, CARMEN IRMA LAVORATO, CESAR RUBEN VAZQUEZ, NORMA HAYDEE GINES, MARTA AZUCENA VAZQUEZ, MAXIMO DORRA, OLGA DE DORRA DORRA, ANGEL EMILIO MOLINOS, RAUL RENNELLA AND SANDRA ELIZABETH SCHULER, ANA ZEMBORAIN ZEMBORAIN, MIGUEL ANGEL BELOQUI, HORACIO GUIBELALDE, MARTA MABEL FOLGADO, ARAG-A LIMITED, ARAG-O LIMITED, ARAG-V LIMITED, ARAG-T LIMITED, GRAZIANO ADAMI, GIANFRANCO AGOSTINI, MILENA AMPALLA, ALLAN APPLESTEIN TTEE FBO DCA GRANTOR TRUST, AUGUSTO ARCANGELI DE FELICIS, ANTONELLA BACCHIOCCHI, ALBERTO BACIUCCO, OTELLO BACIUCCO, FILIPPO BAGOLIN, SARA BARTOLOZZI, ANNELIESE GUNDA BECKER, SERENELLA BELLEGGIA, GIORGIO BENNATI, ROBERTO BERARDOCCO, GRAZIELLA BERCHI, ORSOLINA BERRA, ADRIANO BETTINELLI, MASSIMO BETTONI, STEFANO BISTAGNINO, GIORGIO BISTAGNINO, GRAZIELLA BONADIMAN, ANDREA BONAZZI, STEFANIA BONPENSIERE, RACHELE BONTEMPI, MARCO BORGRA, SERGIO BORGRA, RENATA BOSCARIOL, EMANUELE BOTTI, CARLO BRETTI, SUSANNA BRETTI, ANTONIETTA GUISEPPINA BRIOSCHI, MARCELLO CALANCA, BRUNO CALMASINI, ITALIA CAMATO, GIUSEPPINA CAPEZZERA, LAURA ANNA

7

CAPURRO, VINCENZO CARBONE, CARIFIN S.A., GIOVANNI CARLOTTA, ELETTRA CASALINI, DIEGO CASTAGNA, MARCO CAVALLI, CARMELINA CENSI, GIAN FRANCESCO CERCATO, ALBERTO COMPARE, GIOVANNA CONNENA, AGOSTINO CONSOLINI, CESARINO CONSOLINI, MARIA LUIGIA CONTI, SILVANA CORATO, GIANCARLO BARTOLOMEI CORSI, FRANCESCO CORSO, GIUSEPPINA CORSO, LAURA COSCI, ANGELO COTTONI, MONICA CROZZOLETTO, GRAZIELLA DACROCE, TARCISIA DALBOSCO, ALDO DAVID, ANTONIO DE FRANCESCO, ANTONELLA DE ROSA KUNDERFRANCO, MANUELA DE ROSA KUNDERFRANCO, EUFROSINA DE STEFANO, ADRIANA DELL'ERA, CARLO FARIOLI, ANNA FERRI, GIOVANNA FERRO, FRANCESCO FOGGIATO, DONATELLA ZANOTTI FRAGONARA, RINALDO FRISINGHELLI, ANGIOLINO FUSATO, GABRIELE FUSATO, FELICINA GAIOLI, MADDALENA GAIOLI, GIAN CARLO GANAPINI, FRANCESCO MAURO GHEZZI, MARIO GIACOMETTI, GIOVANNI GIARDINA, CELESTINO GOGLIA, GIULIA GREGGIO, VERNA GUALANDI, LUISELLA GUARDINCERRI, GIANFRANCO GUARINI, RAIMONDO IALLONARDO, INNOVAMEDICA S.P.A., FKA MATIVA S.R.I., MARITZA LENTI, ANGELO LEONI, PAOLO LISI, UGO LORENZI, SERGIO LOVATI, FERNANDA ANGELA LOVERO, CARMELO MAIO, CLAUDIO MANGANO, ELIDE MARGNELLI, CARLA MARINI DE FELICIS ARCANGLI, ROMANO MARTON, MIRCO MASINA, GUGLIELMINA MASSARA, BRUNA MATTIOLI, SALVATORE MELCHIONDA, MASINA MIRCO MIRCO, SIMONETTA MONTANARI, GIAMPAOLO MONTINO, CARLA MORATA, ALESSANDRO MORATA, MARIA RITA MORETTO, AMATO MORI, BRUNO PAPPACODA, SABRINA PARODI, ALFREDO PELLI, FRANCO PEZZE, VALERIO PIACENZA, PERI LUIGI LUCIBELLO PIANI, EUGENIA RE, ALEESSANDRA REGOLI, BARBARA RICCHI, MARIA ROBBIATI, PAOLA ROSA, ADRIANO ROSATO, GIUSEPPE SILVIO ROSSINI, LAURA ROSSINI, RAFFAELE ROSSINI, RUGGERO ROSSINI, INES ROTA, HILDA RUPPRECHT, VINCENZA SABATELLI, ANGELINA SALMISTRARO, TIZIANO SASSELLI, MARINELLA SCALVI, MAURIZIO SERGI, SIMONA STACCIOLI, LICIA STAMPFLI-ROSA, SANTE STEFANI, ANNA STORCHI, STUDIO LEGALE BENNATI,

RENATE TIELMAN, MANUELITO TOSO, VALERIA TOSO, FRANCO TRENTIN, STEFANIA TRENTIN, MARTINO VERNA, MARIO VICINI, LUCA VITALI, VITO ZANCANER, GIOVANNI ZANICHELLI, MATTEO ZANICHELLI, TRINITY INVESTMENTS LIMITED, EGAR RAMON LAMBERTINI, ANA DORATELLI, SCOGGIN CAPITAL MANAGEMENT II LLC, JUANA BONAIUTI, SCOGGIN INTERNATIONAL FUND LTD., SCOGGIN WORLDWIDE FUND LTD., TITO SIENA, MCHA HOLDINGS, LLC, ATTESTOR MASTER VALUE FUND LP, ARMANDO RUBEN FAZZOLARI, JULIO ROBERTO PEREZ, WHITE HAWTHORNE, LLC, JOSE PEDRO ANGULO, PEDRO TIMOTEO ANGULO, FERNANDO CROSTELLI, JUAN CARLOS CROSTELLI, MARTINA CROSTELLI, VIVIANA CROSTELLI, PATRICIO HANSEN, CLAREN CORPORATION, BYBROOK CAPITAL MASTER FUND LP, BYBROOK CAPITAL HAZELTON MASTER, FUND LP, ANDRAREX, LTD., CLARIDAE LTD, MARIA DEL PILAR DE WE FERRER, STONEHILL INSTITUTIONAL PARTNERS, LP, STONEHILL MASTER FUND LTD.,

*Plaintiffs - Appellants*,

GIOVANNI BOTTI, CLAUDIO MORI, SILVIA REGOLI,

*Plaintiffs*,

v.

REPUBLIC OF ARGENTINA,

*Defendant-Appellee*.

-------------------------------------------------------------------------

FOR PLAINTIFFS-APPELLANTS:    ROY T. ENGLERT, JR., (Mark T. Stancil & Joshua S. Bolian, *on the brief*; Edward A. Friedman & Daniel B. Rapport, *on the brief*, Friedman Kaplan Seiler & Adelman LLP, New York, NY) Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP, Washington, D.C., *for* Aurelius and Blue Angel.

9

ANDREA BOGGIO, Smithfield, RI, *for* Andrarex, Ltd.

RICHARD L. LEVINE, (Brian S. Rosen & David Yolkut, *on the brief*; Anthony J. Costantini, Suzan Jo & Kevin P. Potere, *on the brief*, Duane Morris LLP, New York, NY) Weil, Gotshal & Manges LLP, New York, NY, *for* Plaintiffs-Appellants in the Adami action, ARAG-A Ltd., ARAG-O Ltd., ARAG-T Ltd., ARAG-V Ltd., Attestor Value Master Fund, Bybrook Capital Hazelton Master Fund LP, Bybrook Capital Master Fund LP, Claridae Ltd., Maria Del Pilar De We Ferrer, MCHA Holdings, LLC, Stonehill Institutional Partners, L.P., Stonehill Master Fund Ltd., Trinity Investments Ltd., and White Hawthorne, LLC.

BANKS BROWN, (Audrey Lu, *on the brief*) McDermott Will & Emery LLP, New York, NY, *for* Banca Arner S.A. and Brantford Holdings S.A.

MATTHEW D. MCGILL, (Theodore B. Olson, Jason J. Mendro & Christopher B. Leach, *on the brief*; Robert A. Cohen & Dennis H. Hranitzky, *on the brief*, Dechert LLP, New York, NY; William M. Jay & Robert D. Carroll, *on the brief*, Goodwin Procter LLP, Washington, D.C.) Gibson, Dunn & Crutcher LLP, Washington, D.C., *for* NML Capital, Ltd., Olifant Fund, Ltd., FFI Fund Ltd., and FYI Ltd.

JOHN PAUL GLEASON, Gleason & Koatz, LLP, New York, NY, *for* Ruben Fazzolari and Julio Roberto Perez.

10

MICHAEL C. SPENCER, Milberg LLP, New York, NY, *for* Ricardo Pons, *et al*. "Individual Bondholders."

FOR DEFENDANT-APPELLEE:

PAUL D. CLEMENT, (Jeffrey M. Harris & Christopher G. Michel, *on the brief*; Michael A. Paskin, Daniel Slifkin & Damaris Hernández, *on the brief*, Cravath, Swaine & Moore LLP, New York, NY) Bancroft PLLC, Washington, D.C.

FOR AMICI CURIAE:

JEANNETTE A. VARGAS, (Benjamin H. Torrance, *on the brief*) *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, *for* the United States of America.

CHRISTOPHER J. CLARK, (Michael E. Bern, *on the brief*) Latham and Watkins LLP, New York, NY, *for* the Euro Bondholders.

MICHAEL S. SHUSTER, (Vincent Levy, Richard J. Holwell & Neil R. Lieberman, *on the brief*; Michael Mukasey, David W. Rivkin & William H. Taft V, *on the brief*, Debevoise & Plimpton LLP, New York, NY; Jack L. Goldsmith III, *on the brief*, Cambridge, MA) Holwell Shuster & Goldberg LLP, New York, NY, *for* Montreux Partners, L.P., Los Angeles Capital, Cordoba Capital, Wilton Capital Ltd., and EM Ltd.

SABIN WILLETT, Morgan, Lewis & Bockius LLP, Boston, MA, *for* Foreign-Law Bondholders.

11

JENNIFER R. SCULLION, (Saul Roffe, *on the brief*, Marlboro, NJ; Michael Diaz, Jr. & Marta Colomar-Garcia, *on the brief*, Diaz Reus & Targ LLP, Miami, FL) Proskauer Rose LLP, New York, NY, *for* Certified Classes of 1994 FAA Bondholders.

Appeal from the opinion and order of the United States District Court for the Southern District of New York (Griesa, *J.*), entered on March 2, 2016.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the opinion and order of the district court is **AFFIRMED**.

Plaintiffs-Appellants appeal from the opinion and order of the United States District Court for the Southern District of New York (Griesa, *J.*), vacating the Injunctions against Argentina upon the occurrence of two conditions precedent. We assume the parties' familiarity with the underlying facts and the procedural history of the case and therefore address the facts only as necessary to resolve the issues presently on appeal.

Plaintiffs-Appellants, groups of individual and corporate bondholders of bonds first issued by Argentina under a Fiscal Agency Agreement ("FAA bondholders") in 1994, initially brought this action seeking monetary judgments against Argentina for its 2001 default. *See NML Capital, Ltd. v. Republic of Argentina*, 699 F.3d 246, 251 (2d Cir. 2012) (hereinafter "*NML I*"). Having secured partial summary judgment against Argentina in December 2011, certain Plaintiffs-Appellants sought and obtained an

Injunction prohibiting Argentina from making payments on so-called Exchange bonds without concurrently or in advance making a ratable payment to FAA bondholders. This Court twice affirmed, with slight modification, the imposition of the Injunction. *See NML I,* 699 F.3d at 254-55; *NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230 (2d Cir. 2013) (hereinafter "*NML II*"). A similar Injunction was also granted to other Plaintiffs who had later sought similar relief. The last Injunction was entered on October 30, 2015 and was pending on appeal when Argentina, under the administration of newly elected President Mauricio Macri, moved the district court for vacatur of the Injunctions. The district court ordered Plaintiffs-Appellants to show cause why an order vacating the Injunctions should not be entered.

On February 19, 2016, the district court filed a Rule 62.1 Indicative Ruling indicating it would vacate the Injunctions subject to the satisfaction of two conditions precedent if this Court remanded the then pending appeal. Oral arguments before a panel of this Court were heard on February 24, 2016. That same day, this Court entered an order granting Argentina's motion to dismiss the appeals with prejudice. This Court instructed the district court that, before formally entering the Indicative Ruling, all parties must be "afford[ed] [] an opportunity to be heard in the district court." J.A. 1721. The following day, Argentina moved the district court to enter its Indicative Ruling. The district court heard arguments and on March 2, 2016, entered an Order vacating the injunctions upon the satisfaction of two conditions precedent: (1) the repeal of all legislative obstacles to settlement including the Lock and Sovereign Payment Laws, and

13

(2) that all Plaintiffs who had entered into settlement agreements in principle with Argentina on or before February 29, 2016, be paid in accordance with the specific terms of each such agreement. Plaintiffs-Appellants, some of which have Agreements in Principle with Argentina, now appeal the district court's order vacating the Injunctions.

Plaintiffs-Appellants fall into two classes of bondholders: "Lead Plaintiffs," including Aurelius and NML Capital, which have entered into Agreements in Principle ("AIP") with Argentina and other bondholders who either have accepted the terms of Argentina's settlement offer or have not yet negotiated settlement agreements with Argentina ("Individual Bondholders"). All Plaintiffs-Appellants argue the district court abused its discretion in granting conditional vacatur of the Injunctions. Certain Lead Plaintiffs also contend that, if vacatur is affirmed, the order should be clarified so as to protect Lead Plaintiffs under their existing AIP.

"A district court's modification of an injunctive decree will not be disturbed on appeal, absent a showing that the court abused its discretion*." Sierra Club v. U.S. Army Corps of Eng'rs*, 732 F.2d 253, 257 (2d Cir. 1984). A district court has abused its discretion when "(1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions." *In re Terrorist Attacks on Sept. 11, 2001*, 741 F.3d 353, 357 (2d Cir. 2013) (reviewing a district court's decision on a Rule 60(b) motion for abuse of discretion).

In the case of a final or permanent injunction,[2] we consider whether "there has been such a change in the circumstance as to make modification of the decree equitable." *Sierra Club*, 732 F.2d at 257. An important question in this inquiry is whether the objective of the injunction has been achieved. *See Horne v. Flores*, 557 U.S. 433, 450 (2009). Events may also arise, however, when modification or termination of an injunction "is appropriate even though the purpose of the decree has not been achieved." *United States v. Eastman Kodak Co.*, 63 F.3d 95, 102 (2d Cir. 1995). Modification may be appropriate when an injunction proves to be unworkable or unnecessary as a result of changed circumstances or unforeseen occurrences. *Cf. Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992) (holding modification of consent decree appropriate under Rule 60(b)(5) when its continuance becomes "unworkable because of unforeseen obstacles"). In addition to considerations of changed circumstances, "a court should [also] keep the public interest in mind in ruling on a request to modify based on a change in conditions." *Id.* at 392. Thus modification or vacatur of an injunction may be warranted when continued enforcement "would be detrimental to the public interest." *Id.* at 384-85 (citing *Duran v. Elrod*, 760 F.2d 756, 759-61 (7th Cir. 1985)).

---

[2] Argentina asserts that the Injunctions at issue are interim injunctions subject to revision under Rule 54(b) and that modification or vacatur is therefore evaluated under a more flexible standard. We need not decide this question as the district court did not abuse its discretion under Rule 54(b) or Rule 60(b)(5). *See* Fed. R. Civ. P. 60(b)(5) (allowing modification of a final order if "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable").

15

### 1. Changed Circumstances

The district court conditionally lifted the Injunctions on the basis of changed circumstances including (1) that Argentina "has shown a good-faith willingness to negotiate with the holdouts," S.P.A. 109, (2) the representations made by President Macri's administration that it would repeal certain legislation prohibiting payment to the bondholders,[3] and (3) that "a number of plaintiffs have now agreed in principle to settle," S.P.A. 113. Plaintiffs-Appellants argue any alleged changed circumstances are insufficient to warrant vacatur and the Individual Bondholders contend that there has been no willingness to negotiate with them regardless of any discussions which may have occurred between Argentina and Lead Plaintiffs.

The record shows that shortly after assuming office, President Macri sent senior level officials such as Undersecretary of Finance Santiago Bausili to meet with Special Master Daniel Pollack, appointed by the district court to supervise negotiations, to engage in settlement discussions. As of the district court's Indicative Ruling, Argentina had reached Agreements in Principle with Plaintiffs totaling over $1 billion. This amount reached at least $6.2 billion by the time the district court entered its March 2 Order. Argentina's apparent willingness to negotiate stands in sharp contrast to its earlier intransigence previously recognized by this Court. *NML II,* 727 F.3d at 247 & n.13 (noting "Argentina has been a uniquely recalcitrant debtor"). That certain Individual

---

[3] As of March 31, 2016, the Lock and Sovereign Payment Laws were conditionally repealed, subject to this Court's affirmance of the district court's Order, by both houses of the Argentine Congress. *See* Hugh Bronstein & Maximiliano Rizzi, *Argentine Senate Approves Deal to End Debt Dispute, Re-enter Markets*, REUTERS (March 31, 2016, 3:13 AM), http://www.reuters.com/article/us-argentina-debt-senate-idUSKCN0WX08X.

Bondholders have not had the opportunity to fully engage in or complete settlement negotiations does not negate Argentina's willingness to resolve these long-standing disputes. And while Argentina has offered a Standard Proposal for settlement open to all bondholders, Individual Bondholders are not required to accept this proposal, and may continue in their efforts to negotiate different settlement terms.

Further, there is no question that Argentina has taken steps to repeal legislation which operated to thwart settlement with FAA bondholders. As of Plaintiffs-Appellants filings, the Argentine House had passed legislation repealing the Lock and Sovereign Payment Laws and the same repeal legislation has since been passed in the Senate. That the House Bill takes effect only upon affirmance by this Court of the vacatur of the Injunctions does not change the fact that efforts are being made to repeal the very legislation that spurred the imposition of the Injunctions in the first instance.

The district court did not err, much less abuse its discretion, in finding changed circumstances warranting the reconsideration of the equities of maintaining the Injunctions nor in finding that, in light of the changed circumstances, keeping the Injunctions in place would no longer be equitable. Many agreements currently between Argentina and FAA bondholders are contingent upon the vacatur of all Injunctions. Keeping the Injunctions in place thereby hinders the consummation of settlements. Having recognized "this matter will not be resolved without a successful settlement," J.A. 583-84, the district court acted within its discretion to allow for settlement to continue. Keeping the Injunctions in place would also allow certain non-settling Plaintiffs to use

the Injunctions "as a tool for leverage in negotiations." S.P.A. 83. Now that Argentina has made important efforts, apparently in good faith, to resolve this long-term dispute, we agree that the district court did not abuse its discretion in concluding that the Injunctions have served their purpose; keeping the Injunctions in place would now serve to further frustrate settlement attempts and perhaps close the door to ending this protracted and difficult history.

Plaintiffs-Appellants have never had a legal entitlement to an injunction. *See E.E.O.C. v. KarenKim, Inc.,* 698 F.3d 92, 100 (2d Cir. 2012) (stating "an injunction is a matter of equitable discretion" and "does not follow from success on the merits as a matter of course" (internal quotation marks and alteration omitted)). The district court would not have abused its discretion if it had limited Plaintiffs-Appellants to a money judgment. The fact that the district court, in its discretion, gave Plaintiffs-Appellants a further tool to induce Argentina to comply with its obligations does not mean that the court is compelled to retain the discretionary injunction in place when changed circumstances make it less equitable.

### 2. The Public Interest

The district court concluded that a number of parties would benefit from the vacatur of the Injunctions, including Exchange bondholders who had not been paid in two years, FAA bondholders who had entered into settlements with Argentina on the condition that all Injunctions will be vacated, and the Argentine people.

18

Consideration of the Exchange bondholders was not inappropriate. Lifting the Injunctions would allow Argentina to pay Exchange bondholders as well as to continue to resolve claims with FAA bondholders. It is true that the circumstances of the Exchange bondholders did not stop the district court from entering the Injunctions in the first place, but the district court was within its discretion to reconsider the Exchange bondholders' interest two years after Injunctions were first imposed. The district court's consideration of the economic welfare of Argentina and its citizens was also proper. The district court found that keeping the Injunctions in place would harm Argentina's ability to access global capital markets in order to raise capital to fund the payment of already agreed upon settlements. Lead Plaintiffs' AIP contemplates such a raising of capital and the district court's finding that such market access is essential to the well-being of the nation as well as necessary to raise adequate funds to meet negotiated settlements was not in error. Nor was it improper for the district court to recognize this Circuit's judicial policy in favor of settlements. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005).

Lifting the Injunctions does not coerce Individual Bondholders to accept the proposed settlement. The district court expressly recognized it "does not have the power to force plaintiffs to accept a settlement," S.P.A. 118, and conditional vacatur of the Injunctions forces no such acceptance. Individual Bondholders are free to continue to negotiate without an Injunction and may take steps, perhaps including litigation, to protect their interests.

19

Finally, lifting the Injunctions does not deprive the district court of the authority to put in place a new and efficacious injunction in the event that future circumstances justify such action. A premise underlying the district court's decision to vacate the Injunctions is that Argentina's recent actions reflect a good-faith intention promptly to resolve its outstanding disputes with all bondholders. Should this premise prove mistaken, the district court would be free, upon an appropriate factual showing, to respond to such recalcitrance by putting in place a new injunction aimed at forcing compliance with Argentina's legal duties.

### 3. Modification of the March 2 Order

Lead Plaintiffs argue that, in the event we affirm the district court's vacatur of the Injunctions, we should clarify that "the Injunctions cannot be lifted if (i) Argentina fails to pay Lead Plaintiffs by April 14, and (ii) Lead Plaintiffs thereafter exercise their bargained-for right to terminate their Agreement in Principle." Lead Plaintiffs contend that the AIP contemplates the scenario in which, should Argentina fail to pay the agreed upon settlement by April 14, Lead Plaintiffs may exercise their right to terminate while still retaining their right to an Injunction as parties "that entered into agreements in principle with the Republic on or before February 29, 2016." S.P.A. 84. As this scenario is purely hypothetical, we see no reason to provide what would amount to an advisory opinion conclusively establishing the parties' rights in the event of various potential future events.

In conclusion, we hold the district court did not abuse its discretion in finding changed circumstances so altered the equities as to disfavor maintenance of the Injunctions and ordering that the Injunctions would be vacated upon Argentina's having met two specified conditions precedent. The district court should, however, take steps, at the time Argentina certifies it has satisfied the conditions precedent, to determine whether the conditions have indeed been met.

We have considered Plaintiffs-Appellants' remaining arguments and are not persuaded by them. Accordingly, we **AFFIRM** the opinion and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

21