18-3542-cv
*Bison Bee LLC v. Republic of Argentina*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand nineteen.

PRESENT:  JOSÉ A. CABRANES,
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

---

BISON BEE LLC,

      *Plaintiff-Appellant,*                     18-3542-cv

      v.

THE REPUBLIC OF ARGENTINA,

      *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | P. SABIN WILLETT (Christopher L. Carter *on the brief*), Morgan, Lewis & Bockius LLP, Boston, MA. |
| **FOR DEFENDANT-APPELLEE:** | CARMINE D. BOCCUZZI, JR. (Rahul Mukhi *on the brief*), Cleary Gottlieb Steen & Hamilton LLP, New York, NY. |

Appeal from the November 20, 2018 judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Bison Bee LLC ("Bison Bee") challenges the District Court's dismissal of its amended complaint against Defendant-Appellee The Republic of Argentina. Bison Bee, owner of several Argentinian bonds subject to New York law, raises the following arguments against the dismissal of its amended complaint. First, Bison Bee argues that its breach of contract claims are timely because the relevant statute of limitations had been restarted under New York General Obligations Law ("NYGOL") § 17-101 each time Argentina acknowledged its debt—with such acknowledgments coming as late as 2017. Second, Bison Bee argues that, even if an acknowledgment is not found, its breach of contract claims are still timely, since they should be governed by New York Civil Practice Law and Rules ("NYCPLR") § 211(a) and its twenty-year statute of limitations, rather than NYCPLR § 213 and its six-year statute of limitations. Third, Bison Bee argues that its claims for breach of the Fiscal Agency Agreement's ("FAA") *pari passu* clause are timely and an independent basis for monetary damages. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's grant of a motion to dismiss, including its legal interpretation and application of a statute of limitations." *Deutsche Bank Nat. Trust Co. v. Quicken Loans Inc.*, 810 F.3d 861, 865 (2d Cir. 2015). We will affirm a dismissal of a complaint if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

We heard oral argument in the instant case in tandem with a second case against Argentina. *See Lucesco Inc. v. The Republic of Argentina*, 18-2812-cv. In that second case, Lucesco Inc. ("Lucesco") raised the same breach of contract claims against Argentina that Bison Bee raises here. We affirmed the District Court's dismissal of Lucesco's claims as time-barred. We now do the same with regard to Bison Bee's breach of contract claims. We do so for the reasons set forth in the Lucesco summary order, which has been filed simultaneously with the instant order.

We move on to Bison Bee's other claim for breach of the FAA's *pari passu* clause, which Lucesco did not raise. In making that claim, Bison Bee asks us to engage in a decidedly strange exercise: it asks us to find that this court, in previously facilitating the 2016 settlement negotiations between Argentina and its bond-holders, effectively ordered Argentina to breach the *pari passu* clause. We reject this argument.

Bison Bee specifically alleges that Argentina violated two separate components of the *pari passu* clause. First, it suggests that Argentina breached the clause in 2016 by giving priority to other bonds within the FAA class, thus violating that portion of the clause which stipulates that FAA "[s]ecurities will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of

2

the Republic and shall at all times rank *pari passu* and without preference among themselves." But as we have previously noted, this part of the *pari passu* clause only "prohibits Argentina, as bond issuer, from formally subordinating the bonds by issuing superior debt." *NML Capital, Ltd. v. Republic of Argentina*, 699 F.3d 246, 259 (2d Cir. 2012). Since Argentina did not issue superior debt as part of its 2016 efforts to negotiate with bond holders, this part of the *pari passu* clause is not violated here.

To save its argument, Bison Bee also contends that a second part of the clause has been breached. It alleges that Argentina violated the component of the *pari passu* clause which states that "payment obligations of the Republic . . . shall at all times rank at least equally with all of its other present and future unsecured and unsubordinated External Indebtedness." But we noted in a previous case involving the same *pari passu* clause now at issue that "we have not held that a sovereign debtor breaches its *pari passu* clause every time it pays one creditor and not another, or even every time it enacts a law disparately affecting a creditor's rights." *NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230, 247 (2d Cir. 2013). Instead, we held that Argentina violated the *pari passu* clause at issue because it was, at the time, a "uniquely recalcitrant debtor." *Id.* But times have changed, and Argentina is "uniquely recalcitrant" no more. It is for this reason that we went so far as to affirm the vacatur of a *pari passu* injunction against Argentina just a few years ago. *Aurelius Capital Master, Ltd. v. Republic of Argentina*, 644 F. App'x 98, 107, 109 (2d Cir. 2016) (summary order). To now find a *pari passu* violation again—and to counterintuitively find that the violation came about because we vacated the *pari passu* injunction—is something we are unwilling to do.

## CONCLUSION

We have reviewed all of the arguments raised by Bison Bee on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the November 20, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3